IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2001

## MARTIN WALKER v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission**
**No. 20001703      Michael S. Lacy, Commissioner**

**FILED JANUARY 17, 2002**

**No. E2001-00629-COA-R3-CV**

---

Martin Walker, an inmate in the Penal System of this State, filed two separate claims against the State in the amount of $30,000 and $1,000,000, alleging his constitutional rights of equal protection and due process were violated. The State's response contends that the claims he makes are not authorized against the State by T.C.A. 9-8-307(a), and also that both claims are barred by the one-year Statute of Limitations. The Claims Commissioner dismissed his claims and we affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Claims Commissioner Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Martin Walker, Mountain City, Tennessee, Appellant, *Pro Se*

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and Stephanie R. Reevers, Associate Deputy Attorney General, Nashville, Tennessee, for the Appellee, State of Tennessee

## OPINION

Martin Walker appeals dismissal of two separate claims, the first in the amount of $30,000 and the second $1,000,000, against the State of Tennessee, wherein he alleges his constitutional rights of equal protection and due process were violated.

The principal thrust of his argument was that the public defender representing him was incompetent, resulting in his conviction and incarceration.

The record discloses that Mr. Walker has filed six post-conviction petitions pursuant to Title 40, Chapter 30, all of which have been denied, the last one by order filed December 18, 1997, in Davidson County. As to his last post-conviction appeal, which was found adversely to him by the

Court of Criminal Appeals, the Supreme Court, on June 8, 1998, denied his application for permission to appeal.

The State defends his claims upon two grounds. First, because the action he alleges is not one authorized against the State by T.C.A. 9-8-307(a) and that his cause of action is barred by the one-year Statute of Limitations.

Although the Claims Commissioner did not specify the grounds relied upon in dismissing Mr. Walker's claims, we conclude his dismissal was appropriate on both grounds.

We find the Claims Commissioner acted properly in denying his claims and affirm his decision. The cause is remanded for collection of costs below. Costs of appeal are adjudged against Mr. Walker.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE